1

2          **E-Filed 1/6/06**

3

4

5

6

7                          NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   JACK SHIEH,                        Case Number C 05-5285 JF (HRL)

13                    Plaintiff,        ORDER DENYING APPLICATION
                                        FOR TRO AND FOR ORDER TO
14           v.                         SHOW CAUSE RE PRELIMINARY
                                        INJUNCTION
15   KUMON NORTH AMERICA, INC.,
                                        [Docket No. 6]
16                    Defendant.

17

18

19

20        Plaintiff Jack Shieh ("Shieh") seeks a temporary restraining order ("TRO") prohibiting

21   Defendant Kumon North America, Inc. ("Kumon") from terminating Shieh's franchises and

22   notifying Shieh's customers of the termination.  Shieh also seeks an order to show cause why a

23   preliminary injunction should not issue.  The Court has considered the briefing as well as the oral

24   arguments presented at the hearing on January 6, 2006.[1]  For the reasons discussed below, the

25   applications will be denied.

26

27       _____

28        [1] In its scheduling order of December 30, 2005, the Court granted Shieh leave to file a
     reply brief by 5:00 p.m. on January 4, 2006.  Shieh did not file a reply brief.

1

## I. BACKGROUND

2      Kumon is a franchisor that offers a proprietary method used in its after-school learning

3   centers. Shieh, one of Kumon's franchisees, operates two after-school learning centers in Santa

4   Clara County. In June 2004, Kumon learned from a televised news report that Shieh had been

5   arrested for inappropriately touching a child enrolled in one of Shieh's franchised learning

6   centers. Shieh was charged with a violation of California Penal Code § 647.6(a) (annoying or

7   molesting a child under the age of eighteen). The franchise agreements between Kumon and

8   Shieh expressly provide for automatic termination of the franchise in the event the franchisee is

9   "convicted, plead[s] guilty to, or plead[s] no contest to a crime involving moral turpitude, a crime

10  against children under the age of eighteen, or a felony." Franchise Agmts ¶ 15.3(c). Kumon

11  contacted Shieh to discuss the matter; the parties agreed that Shieh would not personally

12  participate in the operation of the franchises while the criminal charges were pending, and that

13  Shieh's wife would take over actual operation of the centers during this interim period.

14      In May 2005, Shieh pled no contest to a violation of California Penal Code § 242

15  (battery) with respect to the child. He was sentenced to one year of probation and thirty hours of

16  psychiatric counseling, and a monetary fine was imposed but stayed. Shieh did not inform

17  Kumon of his conviction. On September 2, 2005, Shieh sent two Kumon employees an email

18  stating that "[a]s we discussed on the phone, my case of being wrongly accused is over."[2] Shieh

19  email of 9/2/05. The email further stated that Shieh had been "working" again, had been

20  welcomed back by students and parents and had obtained some new students. Kumon referred

21  the matter to its legal department for investigation. *Id.* In early December, 2005, Kumon

22  obtained court records reflecting Shieh's plea and sentence. Shortly thereafter, Kumon sent

23  Shieh a letter terminating his franchises effective December 30, 2005. Kumon also notified the

24  parents of the students enrolled at Shieh's franchises that those franchises would be closed and

25  that students could enroll in a nearby Kumon center at no additional charge.

26

27      _____

28      [2] The record does not contain any information as to what was said during the referenced
   telephone conversation.

2

1    Shieh filed the instant action for injunctive and declaratory relief in the Santa Clara

2    Superior Court on December 19, 2005.  Kumon removed the action to this Court on the basis of

3    diversity jurisdiction on December 21, 2005.  The action was assigned to the undersigned on

4    December 22, 2005.

5                                    **II. DISCUSSION**

6    The standard for issuing a TRO is the same as that for issuing a preliminary injunction.

7    *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D.

8    Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320,

9    1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a preliminary injunction must show

10   either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the

11   existence of serious questions going to the merits and the balance of hardships tipping in the

12   movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc.

13   v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two

14   points on a sliding scale in which the required degree of irreparable harm increases as the

15   probability of success decreases.  *Roe*, 134 F.3d at 1402.

16   Shieh asserts a single claim for declaratory relief, requesting an adjudication that Kumon

17   is obligated to allow Shieh to transfer his franchises to his wife or, alternatively, to give Shieh a

18   reasonable time to find a third party buyer.  While the franchise agreements do provide that a

19   franchisee may transfer a franchise if the transferee meets specified requirements and Kumon

20   consents to the transfer, the franchise agreements do *not* provide an *absolute right* to transfer the

21   franchises as argued by Shieh.  *See* Franchise Agmts ¶ 18.  Moreover, the franchise agreements

22   expressly provide for *automatic termination of the franchises without notice or right to cure* in

23   the event that Shieh pleads no contest to a crime against a child under the age of eighteen.

24   Franchise Agmts ¶ 15.3(c).  It is undisputed that Shieh in fact pled no contest to battery of a child

25   under the age of eighteen.  Based upon this record, the Court concludes that Shieh has not

26   demonstrated a likelihood of success on his declaratory relief claim or serious questions going to

27   the merits of that claim.

28   During oral argument, Shieh's counsel argued that Kumon waived its contractual right to

3

1   terminate Shieh's franchises by delaying for several months after receiving Shieh's September 2

2   email.[3]  When the Court clarified that Shieh's email indicated that the criminal charges had been

3   resolved in his favor, and that Kumon had no actual knowledge of the conviction until December

4   2005, Shieh's counsel argued that Kumon was on inquiry notice as of receipt of Shieh's email

5   and thus should have discovered the conviction at that time.  This argument is not persuasive, nor

6   is it supported by any legal authorities cited in Shieh's brief.

7          Shieh's counsel also argued that under California Business & Professions Code §

8   20021(i), Kumon was required to give notice of the termination notwithstanding the contractual

9   provision for automatic termination without notice.  It is unclear whether California law applies,

10  because the franchise agreements specify application of New Jersey law, although the agreements

11  also permit application of the law of the state in which the franchise is located under certain

12  circumstances.  Franchise Agmts ¶ 21.1.[4]  Even assuming that California law applies, § 20021

13  provides for "immediate notice of termination without an opportunity to cure" in the event that

14  the franchisee "is convicted of a felony or any other criminal misconduct which is relevant to the

15  operation of the franchise."  Cal. Bus. & Prof. Code § 20021(i).  Kumon in fact did give notice of

16  the termination to Shieh almost immediately upon discovering that he had been convicted of

17  battery upon a child.

18         Moreover, Shieh has failed to demonstrate that he is likely to suffer irreparable injury or

19  that the balance of hardships tip in his favor.  Any injury flowing from Kumon's alleged breach

20  of its obligations to permit Shieh to transfer his franchises is compensable by monetary damages.

21  There is no evidence that Kumon is insolvent or otherwise unable to pay monetary damages in

22  the event that Shieh prevails.

23         Accordingly, the application for TRO will be denied, as will the application for an order

24

25         [3] Counsel stated that the email was sent in July 2005, but the email submitted by Kumon
26  as exhibit 2 to Rachel Levine's declaration is dated September 2, 2005.

27         [4] The franchise agreements also provide that any litigation filed by a franchisee against
    Kumon must be filed in New Jersey.  Franchise Agmts ¶ 21.2.  To date, Kumon has not asserted
28  this provision as a defense to Shieh's action or moved to transfer the action to New Jersey.

4

1    to show cause why a preliminary injunction should not issue.

2                                   **III. ORDER**

3            Plaintiff's applications for a TRO and for an order to show cause why a preliminary

4    injunction should not issue are DENIED.

5

6

7

8

9

10

11    DATED:  1/6/06

12                                                    /s/ electronic signature authorized

13                                                    _____
                                                     JEREMY FOGEL
14                                                    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            5

1    Copies of Order served on:

2

3    Michael Mayron       mmayron@hinklelaw.com, acarlson@hinklelaw.com

4    Charles G. Miller      cmiller@bztm.com, pbrown@bztm.com

5    C. Griffith Towle      gtowle@bztm.com

6    Albie Jachimowicz
     Braid Pezzaglia
7    Hinkle Jachimowicz & Pointer
     2007 W. Hedding Street, Suite 100
8    San Jose, CA 95128

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6